56 F.3d 82
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Bette D. MAC ALLISTER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3628.
 United States Court of Appeals, Federal Circuit.
 May 12, 1995.
 
 Before NEWMAN, MICHEL, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Bette D. Mac Allister petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SE0752940168-I-1, dismissing her appeal for lack of jurisdiction. Because the board did not err in determining that it lacked jurisdiction, we affirm.
 
 DISCUSSION
 
 2
 Mac Allister began working for the United States Postal Service ("agency") in 1978. On October 20, 1993, her supervisor placed her on administrative leave because the agency began conducting an internal investigation into an alleged manipulation of stamp sales by Mac Allister while performing her duties as a rural carrier.* She met with the Postmaster on November 1, 1993, to discuss the investigation. At that time, she was accompanied by two union representatives. Later that day, the Postmaster met again with the union representatives concerning the allegations. In that meeting, the Postmaster indicated that if Mac Allister did not resign, she would be given a notice of removal after completion of the investigation and would be criminally prosecuted. He set 9:00 a.m. on November 3 as the time by which Mac Allister had to resign. On November 2, Mac Allister unsuccessfully attempted to obtain counsel to represent her. Unable to obtain representation and in fear that she might lose her retirement benefits if she were removed, she submitted a written resignation before the deadline.
 
 
 3
 On November 24, 1993, Mac Allister appealed her resignation to the board, alleging her resignation was involuntary. She argued that her resignation was coerced by threat of criminal prosecution, by unreasonable time pressure, and by lack of notification as to her appeal rights. Moreover, she argued that the agency erroneously led her to believe that she would lose her retirement benefits if she did not resign.
 
 
 4
 After a hearing, an administrative judge (AJ) found that Mac Allister failed to meet her burden of proof to show that she involuntarily resigned. In so holding, the AJ found that the agency had not obtained her resignation through duress or coercion. In particular, the AJ found that the provision of only two days to make a decision was not an unreasonable period of time because Mac Allister had been aware of the investigation for at least ten days, she was not required to make an immediate decision, and she did not request an extension of time. Moreover, the AJ found that the Postmaster's threat of criminal prosecution was not coercive because the Postmaster had reasonable grounds to predict such prosecution. The AJ further found that a reasonable person would not have been misled by the agency's actions concerning the effect of her resignation on her retirement benefits. The AJ's decision became final when the board denied Mac Allister's petition for review.
 
 
 5
 Our review of the board's decision is limited to whether the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). On appeal, Mac Allister asserts that substantial evidence does not support the AJ's determination that the agency did not mislead her. She further argues that the AJ's determination that the agency did not coerce her to resign was arbitrary, capricious, and an abuse of discretion. We disagree.
 
 
 6
 Resignation from federal employment is presumed to be a voluntary action and thus not appealable to the board. Latham v. United States Postal Serv., 909 F.2d 500, 502 (Fed. Cir. 1990). A resignation will be found involuntary, however, when it is the result of agency action constituting misrepresentation or deception. Scharf v. Department of Air Force, 710 F.2d 1572, 1574 (Fed. Cir. 1983). An employee asserting that a resignation was involuntary must show that a reasonable person would have been misled by the agency's statements. Id. at 1575. A resignation will also be found to be involuntary when it is the result of agency action constituting coercion. Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed. Cir 1987).
 
 
 7
 Here, the board's finding that a reasonable person would not have been misled by the agency's actions is supported by substantial evidence. In particular, the AJ relied on the testimony of Mac Allister, her union representatives, and the Postmaster to find that any misunderstanding as to her retirement rights was not caused by any agency action. Moreover, the agency's actions in this case were not coercive. Admittedly, in some cases, two days may not be sufficient time to make a decision about whether to resign or to face removal and serious criminal charges. In this case, however, Mac Allister knew on October 20, when she was placed on administrative leave, that she was being investigated concerning serious charges. Moreover, Mac Allister never suggested to the agency that two days was insufficient for her to make her decision. Under these circumstances, the time provided for her to make this decision was not unreasonable.
 
 
 8
 We have fully considered Mac Allister's other arguments. However, she has not established that the AJ erred in determining that her resignation was voluntary. Thus, the board properly dismissed her appeal for lack of jurisdiction.
 
 
 
 *
 Manipulation of stamp sales by a rural carrier could lead to classification of the position at an inappropriately high pay level